**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1766
_____

DONNELL PONTON,
                                        Appellant

v.

AFSCME, AFL-CIO; DC-33 AFSCME, AFL-CIO;
LOCAL 427, AFL-CIO; STATE OF PENNSYLVANIA/PHRC/UC-BOARD OF
REVIEW/PLRB/THE OFFICE OF THE GOVERNOR; US DEPARTMENT OF
JUSTICE/US DEPARTMENT OF LABOR/US EEOC; CITY OF
PHILADELPHIA/STREETS DEPARTMENT/EXECUTIVE AND
ADMINISTRATIVE BRANCH/THE OFFICE OF THE MAYOR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 09-cv-00197)
District Judge: Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 22, 2010
Before:  SMITH, FISHER AND GARTH, Circuit Judges

(Opinion filed: September 23, 2010)
_____

OPINION
_____

PER CURIAM.

Donnell Ponton appeals from a final judgment dismissing this suit against his former employer and others. For the reasons that follow, we will affirm.

Because the parties are familiar with the background, we do not recount the history of this case in detail. Stated briefly, Ponton was employed as a laborer by the City of Philadelphia (the "City") in its Streets Department from 1999 until 2008. After filing charges of discrimination with state and federal agencies against the City and his labor union (AFSCME Local 427, referred to here as "Local 427"), Ponton filed a pro se complaint in 2009 in the District Court for the Eastern District of Pennsylvania, seeking relief primarily under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. Ponton, a black male, claims that he faced retaliation and a hostile work environment based on his race. In addition, he sought relief for Local 427's alleged failure to represent him adequately, and for the allegedly inadequate handling of his discrimination charges by the state and federal agencies.

On May 13, 2009, the District Court dismissed Ponton's § 1983 claim against the Commonwealth of Pennsylvania as barred by the Eleventh Amendment; dismissed the claims against the U.S. Department of Justice and the Equal Employment Opportunity Commission (the "EEOC"), concluding that Ponton cannot seek relief for the allegedly inadequate processing of his charges of discrimination; denied in part the City's motion to dismiss, concluding that only certain of Ponton's Title VII claims are barred by the statute of limitations; granted District Counsel 33's motion to dismiss given Ponton's failure to

2

allege any wrongdoing by that defendant; denied Local 427's motion to dismiss; and granted Ponton leave to file an amended complaint.

Ponton filed an amended complaint in which he incorporated the allegations from his original complaint and added new defendants. On July 29, 2009, the District Court granted motions to dismiss filed by the U.S. Department of Justice, U.S. Department of Labor, and the EEOC (collectively, the "Federal defendants"), and by the Commonwealth of Pennsylvania, the Pennsylvania Human Relations Commission (the "PHRC"), the Unemployment Compensation Review Board, the Pennsylvania Labor Relations Board, and the Office of the Governor (collectively, the "Commonwealth defendants"), holding that Ponton's Title VII claims fail because he was never employed by these defendants, and there is no cause of action under which he can proceed based on the alleged inadequacy in processing of his administrative charges of discrimination. In addition, the District Court denied the City's motion to dismiss, but dismissed all claims against the improperly named Office of the Mayor, the Streets Department, and the "Executive and Administrative Branch." The District Court also granted the AFL-CIO and District Council 33's motions to dismiss, holding that a mere allegation that an international and district union knew of a local affiliate's alleged wrongdoing is insufficient to state a claim against the international or district union.

Thereafter, on March 9, 2010, the District Court denied Ponton's motion to file perjury charges against the City and Local 427, explaining that Ponton does not have a

private right of action under 18 U.S.C. § 1623, and even if his request were construed as a motion for sanctions, he failed to set forth any sanctionable conduct. In addition, the District Court denied as futile Ponton's request for leave to add a claim against Local 427 for alleged discrimination based on Ponton's opposition to Local 427's participation in the City's Deferred Retirement Option Plan.

Also on March 9, 2010, the District Court granted the City and Local 427's motions for summary judgment, and it denied Ponton's motion for summary judgment. The District Court found no genuine issue of material fact on Ponton's claims of retaliation and a hostile work environment against the City. Further, the District Court found no triable issue on the claim against Local 427 for failing adequately to represent Ponton. The District Court entered a final judgment in favor of the defendants, and Ponton timely filed this appeal.

The District Court had subject matter jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.[1] Our review is de novo of both a

---

[1] Although not discussed by appellees in their briefing before this Court, the record reveals that Ponton filed a Chapter 13 bankruptcy petition while this suit was pending before the District Court. The bankruptcy court's public docket reflects that a Chapter 13 plan was confirmed on June 24, 2010. Courts have recognized that "Chapter 13 debtors have standing to bring claims in their own name on behalf of the bankruptcy estate." Smith v. Rockett, 522 F.3d 1080, 1081 (10th Cir. 2008) (collecting cases); see Cable v. Ivy Tech State Coll., 200 F.3d 467, 473 (7th Cir. 1999) ("The chose in action, here a discrimination case, belongs to the estate and was being prosecuted [by the debtor] for the benefit of its creditors."). Further, because "[t]he automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor," Crosby v. Monroe Cnty., 394 F.3d 1328, 1331 n.2 (11th Cir. 2004), we are satisfied that Ponton's bankruptcy filing does not prevent us from adjudicating this appeal. See id.

4

dismissal under Federal Rule of Civil Procedure 12(b)(6), Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008), and the entry of summary judgment. Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). In considering a motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips, 515 F.3d at 233 (quotation marks omitted). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

After a careful review of the record and the parties' briefs on appeal, we discern no error in the District Court's dismissal of Ponton's various claims against the many named defendants. The District Court properly granted the Federal defendants' motions to dismiss, as Ponton was never an employee of the federal agencies that he named to this suit for purposes of seeking relief under Title VII, and § 1983 does not provide for liability against federal agencies acting under color of federal law. See Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001). Moreover, Ponton's claims against the Federal defendants would fail even if construed as brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), which governs civil rights claims against federal defendants. The Federal defendants here are federal agencies, which are not appropriate

5

defendants under Bivens. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 486 (1994).

To the extent that Ponton asserted a claim against the EEOC (or the other Federal defendants) based on the manner in which the EEOC processed or investigated his administrative charges of discrimination, the District Court properly dismissed that claim. See, e.g., Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge."). Ponton complains that, despite filing four charges of discrimination with the EEOC (and the PHRC) between August 8, 2007, and August 11, 2008, the EEOC "refused to intervene to prevent the continued retaliation." Appellant's Br. at 2.[2] While Ponton is dissatisfied with the EEOC's refusal to act on his complaints, he had an available remedy for the alleged workplace retaliation by filing suit against the City under Title VII. His remedy, however, does not rest in a suit against the EEOC based on mere dissatisfaction with the agency's response to his complaints.

The District Court also properly dismissed the claims against the Commonwealth defendants. Like the Federal defendants, Ponton was not an employee of the Commonwealth defendants, and his argument against these defendants stems solely from

---

[2] Ponton elsewhere complains that the state and federal agencies "failed to honor Title VII," essentially because they failed to take the remedial action that Ponton thought should have been taken against the City. Appellant's Br. at 4.

his dissatisfaction with how an agency (in this instance, the PHRC) responded to his charges of discrimination. Ponton cites no authority that would allow him to file suit on this basis against a state or state agencies under Title VII, and we agree with the District Court that this claim is properly dismissed. In addition, insofar as Ponton's claims can be construed as brought under § 1983, he fails to state a claim against these defendants. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that states and state agencies are not "persons" subject to suit under § 1983); P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (explaining that, absent a waiver, neither a state nor agencies acting under its control are subject to suit in federal court by virtue of the Eleventh Amendment).

We also find no error in the entry of summary judgment for the City[3] and Local 427.[4] Ponton claims that he was subjected to retaliation at work for various incidents,

---

[3] As mentioned, Ponton was an employee of the City, a proper defendant under Title VII. The District Court correctly dismissed the Streets Department, the "Executive and Administrative Branch," and the Office of the Mayor as improperly named defendants.

[4] The District Court properly dismissed the claims against the AFL-CIO and District Council 33. Ponton was a member of Local 427 during his employment. It is undisputed that District Council 33 is a regional union with which Local 427 is affiliated, and the AFL-CIO is an international organization with which the local and regional are affiliated. We agree with the District Court that Ponton's allegations fail to state a claim against either the AFL-CIO or District Council 33 for acts allegedly committed by Local 427. Cf. Anjelino v. N.Y. Times Co., 200 F.3d 73, 95-96 (3d Cir. 1999) ("While a union may be held liable under Title VII, the record here does not demonstrate that the Union *itself* instigated or actively supported the discriminatory acts allegedly experienced by the appellants. Therefore, the Union is not liable."); see Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1289 (3d Cir. 1991) ("Mere constructive knowledge of possible illegal activity on the local level is not sufficient to impose a legal

7

including being charged with insubordination in retaliation for having requested a performance evaluation, complaining about a manager's use of a racial slur,[5] and receiving a negative performance evaluation in retaliation for testifying at a Civil Service Commission hearing on racial discrimination. To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in activity protected by Title VII, (2) the employer took an adverse employment action against him, and (3) there was a causal connection between his participation in the protected activity and the adverse employment action. Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006).

Ponton's claim of retaliation for requesting a performance evaluation was properly dismissed because he failed to establish that the alleged retaliation was related to his engaging in any activity protected by Title VII. With regard to retaliation for complaining about Clarke's racial slur, the District Court correctly held that any claims about discrete incidents that occurred prior to October 12, 2006, are time-barred. See Mikula v. Allegheny Cnty., 583 F.3d 181, 185 (3d Cir. 2009) ("Under Title VII, a claimant in Pennsylvania must file a discrimination charge with the EEOC within 300 days of an

---

duty to intervene on the International Union."). Ponton failed to allege any basis for holding the international and regional unions vicariously liable for the alleged acts of their local affiliate.

[5] In 2005, Ponton heard from other employees that Brian Clarke, Assistant Chief of Operations for the Streets Department, used a racial slur to refer to black employees. Ponton reported the matter to Streets Department and union officials, and he was interviewed about the incident. After an investigation, Clarke was demoted and received a short suspension. Ponton claims that he suffered various forms of retaliation for raising a complaint about Clarke.

8

unlawful employment practice.");[6] Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act.").

We agree with the District Court that two claims of retaliation with respect to the racial slur are not time-barred, but those claims fail on the merits. First, Ponton claims that, in November 2006, while being reassigned to a different location for leaf collection, Clarke refused to give Ponton a route sheet and stated emphatically, with curse words, that he did not want Ponton working in his yard. Ponton reported the incident, and Clarke promptly gave him the route sheet. This encounter is not actionable because it was not a "materially adverse" action. See Moore, 461 F.3d at 341 ("[A] plaintiff claiming retaliation under Title VII must show that a reasonable employee would have found the alleged retaliatory actions materially adverse in that they well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.") (quotation marks omitted). Ponton did not suffer any repercussions, the incident was remedied and Ponton promptly received the route sheet, and, moreover, there is no evidence from which a reasonable fact-finder could conclude that a reasonable employee would have been dissuaded by the incident from complaining about unlawful conduct. Second, the District Court properly rejected Ponton's claim that changes in his leaf collection assignments in

_____

[6] Ponton filed his first discrimination charge against the City on August 8, 2007.

9

the fall of 2006 were retaliatory. There is no evidence of record establishing a causal link between the assignments and Ponton's protected activity of complaining about Clarke.

As to Ponton's final claim of retaliation in the form of a negative performance evaluation for testifying before the Civil Service Commission, we agree with the City that the evaluation did not constitute a materially adverse action inasmuch as Ponton received an overall rating of "satisfactory," the highest rating available. See Moore, 461 F.3d at 341. While the evaluation did note that there were occasions when Ponton refused to "follow directives," the record does not reasonably support a finding that the evaluation overall was materially adverse. Further, as the District Court explained, even if Ponton stated a prima facie case based on this incident, he did not create a record that would cast any doubt upon the validity of the evaluation, and, therefore, he failed to show that the City's stated reasons for criticizing his ability to follow directives were pretextual.

While Ponton also relied upon these same incidents and others to support his claim of a hostile work environment, we agree with the District Court that many of the incidents of which Ponton complains are either time-barred or lacking in evidence of a retaliatory or racial component. Consequently, only two incidents – when Clarke cursed at Ponton and refused to give him a route sheet, and the "negative" performance evaluation – support the hostile work environment claim. For the reasons discussed, we are satisfied that a reasonable jury could not conclude that these two incidents were "so severe or pervasive" as to "alter[] the conditions of [Ponton]'s employment and create[] an abusive

10

environment." Weston v. Pennsylvania, 251 F.3d 420, 426 (3d Cir. 2001).

Finally, with regard to Local 427, Ponton asserts that the union failed on several occasions to represent him or to do so adequately, in violation of Title VII. The District Court fully considered the evidence of record and concluded that, to the extent Ponton's claims against Local 427 are not time-barred, there is no evidence from which a reasonable fact-finder could rule in his favor under Title VII. In particular, the evidence does not reasonably support a finding that Local 427 could have provided better representation than it did for each of the alleged incidents, or that a reasonable jury could find that the representation provided was inadequate on account of Ponton's race. These determinations are fully supported by the record. Further, we agree with Local 427 that, to the extent that Ponton's pro se complaint could be construed as a hybrid action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), the record is clear that Local 427 did not breach its duty of fair representation. See Vaca v. Sipes, 386 U.S. 171, 190 (1967) ("A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.").

We have carefully considered Ponton's remaining arguments on appeal, but we find those arguments unpersuasive and lacking in record support, either for the reasons

11

fully explained by the District Court, or for the reasons explained by appellees. Based on

the foregoing, we will affirm the District Court's judgment.[7]

---

[7] Ponton's motion for reconsideration of his request to disqualify or recuse Chief Judge McKee is denied as moot, as Chief Judge McKee is not a member of this panel. Ponton's motion "to Execute, Order Disciplinary Actions, Suspension or Disbarment for all Attorney's [sic] and Judges connected to this Appeal for Conduct Unbecoming of Members of the Court's Bar" is denied for lack of merit. Ponton's motions for leave to file a supplemental informal brief and supplemental reply brief, and his request for oral argument, are denied. Ponton has also moved for recusal of the members of this panel, Judges Smith, Fisher and Garth. His motion for recusal of the judges and his challenge to the U.S.C.A. Calendar Order, be and the same are hereby denied.